UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
PATRICK PIZZELLA, Acting Secretary of Labor,          :
United States Department of Labor,

                                                      :

                         Plaintiff,                   :          **COMPLAINT**

              v.                                      :

SILVER'S CRUST WEST INDIAN RESTAURANT &               :          Civil Action No. 19-4719
GRILL INC. d/b/a SILVER'S CRUST WEST INDIAN
RESTAURANT and SILVER'S CRUST; 660 UTICA              :
CORP. d/b/a SILVER'S CRUST WEST INDIAN
RESTAURANT; CONRAD MCGREGOR,                          :
individually, and TRUDYANNE BROWN,
individually,                                         :

                                                      :

                         Defendants.
------------------------------------------------------------------

Plaintiff PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that Defendants violated sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate a chain of take-out restaurants in Brooklyn and Queens, New York, have willfully violated the FLSA by failing to pay their employees the applicable overtime premiums and maintaining inaccurate and/or incomplete time and pay records.  From on or about June 30, 2016 through at least June 30, 2018, they did not pay proper overtime to their employees who typically and regularly worked approximately 45 to 64 hours per week.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district, specifically in Brooklyn and Queens, New York.

## FACTUAL ALLEGATIONS

### The Parties

3.      Plaintiff Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      Defendant Silver's Crust West Indian Restaurant & Grill Inc. d/b/a Silver Crust's West Indian Restaurant and Silver's Crust ("Silver's Crust West Indian") is a corporation organized under the laws of the state of New York, having its principal place of business at 1251 Utica Avenue, Brooklyn, New York, within the jurisdiction of this Court, where it was engaged in the business of operating take-out restaurants in Brooklyn and Queens.

5.      During the relevant time period from June 30, 2016 through at least June 30, 2018 ("the relevant time period"), Defendant Silver's Crust West Indian owned and operated at least seven take-out restaurants located at 227-05 Merrick Boulevard, Springfield Gardens, NY 11413, 4809 Church Avenue, Brooklyn, NY 11203, 9001 Avenue A, Brooklyn, NY 11236, 114-20 Sutphin Boulevard, Jamaica, NY 11435, 1695 President Street, Brooklyn, NY 11213, 5223 Avenue D, Brooklyn, NY 11203 and 747 Nostrand Avenue, Brooklyn, NY 11216.

6.      Defendant Silver's Crust West Indian has and continues to do business as "Silver's Crust West Indian Restaurant" and "Silver's Crust."

7.      Defendant Silver's Crust West Indian has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of section 3(d) of the Act.

8.      Defendant 660 Utica Corp. d/b/a Silver Crust's West Indian Restaurant ("660 Utica Corp.") is a corporation organized under the laws of the state of New York, having its principal place of business at 1251 Utica Avenue, Brooklyn, New York, within the jurisdiction of this Court, where it was engaged in the business of operating a take-out restaurant.

9.      During the relevant time period, Defendant 660 Utica Corp. owned and operated a take-out restaurant located at 660 Utica Avenue, Brooklyn, NY 11203.

10.     Defendant 660 Utica Corp. has and continues to do business as "Silver's Crust West Indian Restaurant."

11.     Defendant 660 Utica Corp. has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of section 3(d) of the Act.

12.     Defendant Conrad McGregor ("McGregor") is the owner of Defendant Silver's Crust West Indian.

13.     Defendant McGregor resides in the state of New York, within the jurisdiction of this Court.

14.     Defendant McGregor is and was in active control and management of Defendant Silver's Crust West Indian.

15.     Defendant McGregor had the authority, and exercised that authority, to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records.

16.     Defendant McGregor hired and supervised many of the employees of Defendant Silver's Crust West Indian.

17.     Defendant McGregor set the pay rates and work schedules of the employees of Defendant Silver's Crust West Indian.

18.     Accordingly, Defendant McGregor regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant Silver's Crust West Indian in relation to the employees.  He is thus an employer within the meaning of section 3(d) of the Act.

19.     Defendant Trudyanne Brown ("Brown") is the owner of Defendant 660 Utica Corp.

20.     Defendant Brown resides in the state of New York, within the jurisdiction of this Court.

21.     Defendant Brown is and was in active control and management of Defendant 660 Utica Corp.

22.     Defendant Brown had the authority, and exercised that authority, to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records for 600 Utica Corp.

23.     Defendant Brown hired and supervised many of the employees of Defendant 660 Utica Corp.

24.     Defendant Brown set the pay rates and work schedules of the employees of Defendant 660 Utica Corp.

25.     Accordingly, Defendant Brown regulated the employment of all persons employed by her and is a person acting directly or indirectly in the interests of Defendant 660 Utica Corp. in relation to the employees.  She is thus an employer within the meaning of section 3(d) of the Act.

### Defendants Are An Enterprise Engaged in Commerce

26.     The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

27.     During the relevant period, Defendants were engaged in operating restaurants through unified operation at eight locations of "Silver's Crust West Indian Restaurant" and "Silver's Crust" open to the public.

28.     The corporate defendants share the same main office located at 1251 Utica Avenue, Brooklyn, NY.

29.     The corporate defendants share an office manager who processes the payroll for all employees of the restaurants and handles all human resources issues.

30.     Prospective employees for both Silver's Crust West Indian Restaurant and 660 Utica Corp. are required to go to the corporate defendants' main office for interviews.

31.     During the relevant period, various employees worked at multiple locations owned by Silver's Crust West Indian Restaurant and 660 Utica Corp.

32.     As described herein, Defendants have employed the same employment practices at each of the restaurants through unified operation.

33.     Defendants have employed and are employing employees as cooks, prep cooks, dishwashers and cashiers/servers, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, such as food, condiments, ingredients, cooking equipment and supplies.

34.     The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000 at all times relevant to this Complaint.

35.     Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**Tolling Agreement**

36.     On or about December 11, 2018, Defendants and the Secretary knowingly and voluntarily entered into Statute of Limitations Tolling Agreements ("tolling agreements").

37.     The tolling agreements toll the applicable statute of limitations beginning on December 11, 2018 through the date the tolling agreements are terminated.

38.     The Secretary terminated the tolling agreements effective August 15, 2019.

39.     Accordingly, the statute of limitations shall be tolled from December 11, 2018 through August 15, 2019.

### Defendants' Pay Practices

40.     During the relevant time period, Defendants employed approximately 203 employees in several job categories at the restaurants, including cooks, prep cooks, dishwashers and cashiers/servers.

41.     Defendants paid their non-exempt employees daily rates ranging from $70 to $125 and/or weekly salaries rates ranging from $480 to $650.

42.     During the relevant time period, many of Defendants' cooks, prep cooks, dishwashers and cashiers/servers typically worked between approximately 45 and 64 hours in a workweek.

43.     For all workweeks, Defendants compensated their employees by paying a flat daily rate and/or weekly salary regardless of the amount of hours worked in excess of forty hours in a workweek.

44.     For example, Defendants' records show that an employee who worked at the 747 Nostrand Avenue location was paid a daily rate of $70.00.  During workweeks when the employee worked six eight-hour shifts (48 hours), the employee received $420.00.  During workweeks when the employee worked seven eight-hour shifts (56 hours), the employee received $490.00.  Further, when the employee worked eight eight-hour shifts (64 hours), the employee received $560.00.

45.     Defendants did not pay this employee any overtime premiums for hours worked in excess of 40 in a workweek.

46.     As another example, Defendants' records indicate that an employee who worked at the 660 Utica Avenue location was paid a gross daily rate of $80.00.  During workweeks when the employee worked six eight-hour shifts (48 hours), the employee received $480.00.  During workweeks when the employee worked seven eight-hour shifts (56 hours), the employee received

$560.00.  Further, when the employee worked eight eight-hour shifts (64 hours), the employee received $640.00.

47.     Defendants did not pay this employee any overtime premiums for hours worked in excess of 40 in a workweek.

48.     As a result of the practices described herein, Defendants failed to compensate at least 203 former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

**Defendants Failed to Keep Adequate and Complete Records**

49.     Defendants recorded their employees' starting and stopping work times by having employees sign in and out every workday or by using time clocks in the restaurants.

50.     Defendants were required to make, keep and preserve records of the persons employed by them, including, but not limited to, full employee names and addresses, total hours worked each workday and workweek, regular hourly rates of pay and total regular and overtime wages paid each pay period for a period of three years and make them available for inspection by the Department of Labor upon request.

51.     During the relevant time period, Defendants failed to keep and/or preserve adequate and accurate records, including employees' regular hourly rates of pay and total regular and overtime wages paid each pay period.

**Defendants' Actions are Willful**

52.     On information and belief, on April 27, 2017, a former employee of Defendant Silver's Crust West Indian filed a lawsuit in U.S. District Court, Eastern District of New York alleging that he had not been paid overtime during his employment in violation of section 7 of the FLSA.

53.     On information and belief, Defendant Silver's Crust West Indian made an offer of judgment in favor of the employee on or about January 3, 2018 and agreed to pay the employee $4,000 in unpaid overtime compensation and liquidated damages.

54.     Because Defendants' employees recorded their starting and stopping work times every workday, Defendants were aware that many employees worked more than forty hours each workweek.

55.     Despite being put on notice that as of April 27, 2017, Defendant Silver's Crust West Indian's pay practices may be in violation of section 7 of the Act, Defendants continued to employ employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

56.     Accordingly, Defendants' failure to pay overtime since at least April 27, 2017 was willful.

## **FIRST CAUSE OF ACTION**

**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

57.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 56.

58.     Defendants have and are willfully and repeatedly violating sections 7 and 15(a)(2) of the Act by employing at least 203 former and current employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

59.     Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated

damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping

60.    The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 59.

61.    Defendants have and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and/or preserve adequate and accurate records, including their employees' regular hourly rates of pay and total regular and overtime wages paid each pay period, as prescribed by the regulations issued and found at 29 CFR Part 516.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)    An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)    An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A;

(3)    An order pursuant to section 16(c) of the Act finding Defendants liable for an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint or to the present if violations are continuing); or in the event liquidated damages are not awarded,

prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

       (4)    An order compelling Defendants to reimburse the Secretary for the costs of this action; and

       (5)    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:      August 15, 2019
               New York, New York

                                   KATE S. O'SCANNLAIN
                                   Solicitor of Labor

                                   JEFFREY S. ROGOFF
                                   Regional Solicitor

                                   /s SUSAN B. JACOBS
                                   SUSAN B. JACOBS
                                   Senior Trial Attorney

                                   U.S. Department of Labor
                                   Office of the Solicitor
                                   201 Varick Street, Room 983
                                   New York, NY 10014
                                   Tel: 646.264.3664
                                   Fax: 646.264.3660
                                   Jacobs.Susan@dol.gov

                                   Attorneys for Plaintiff Acting Secretary of Labor Patrick Pizzella

## EXHIBIT A

| | |
|---|---|
| JUNISHA | ADDISON |
| JEROME | AMBERSLEY |
| MARK | ANTHONY |
| ROSHANE | BAILEY |
| COLLIN | BAILY |
| KENNETH | BAILY |
| MICHAEL | BARRETT |
| ROMEO | BARTLEY |
| CARLINGTON | BATSON |
| JOSEPH | BECKLES |
| PATRICK | BENNETT |
| KIRK | BETTON |
| JEROLDRINE | BLAKE |
| LORRAINE | BOGLE |
| CHARMAINE | BRIGHT |
| APRIL | BROWN |
| CHRISTOPHER | BROWN |
| CLEVELAND | BROWN |
| CORNELL | BROWN |
| NYIKI | BROWN |
| PATRICK | BROWN |
| RASHADA | BROWN |
| SHELLY ANN | BROWN |
| ONEIL | BUCHANAN |
| KESHANA | BURTON |
| WYNDON | CALDER |
| TORRAY | CALLOM |
| CARL | CAMPBELL |
| EDDIE | CAMPBELL |
| NORMAN | CAMPBELL |
| ORIEL | CAMPBELL |
| PATRICK | CAMPBELL |
| RYAN | CAMPBELL |
| WESLEY | CAMPBELL |
| JUDITH | CASSIE |
| MARVIN | CASTILLO |
| MAXWELL | CHAMBERS |
| SENA | CHAN |
| ROCHELLE | CHANG |
| JEANNE | CHARLES |
| SHEREEM | CHRISTIE |
| SERONETTE | CLARKE |
| JOSEPH | CLIFFORD |
| DELROY | COLE |

| | |
|---|---|
| STEPHEN | COLQUHOUN |
| OWEN | COOPER |
| CANDANCE | COX |
| ELAINE | COX |
| ANNETH | DAILEY |
| JEPHTAH | DAVIDSON |
| HOPETON | DAWKINS |
| COURTNEY | DAWSON |
| MARVIN | DIXON |
| PHILLIP | DOE |
| DEVANTE | DUDLEY |
| NEVILLE | EDWARDS |
| LANSE | EDWARDS |
| YVETTE | EDWIN |
| GLESTER | ELVEY |
| RENEE | FACEY |
| LINCOLN | FORBES |
| TARRICK | FOWLES |
| DESMOND | FRANCIS |
| MARGARET | FRANCIS |
| MINARD | FRANCIS |
| FABIAN | FRAY |
| DELANO | GAYLE |
| WEBSTER | GAYLE |
| LOYD | GIDDINGS |
| SHERYL | GILLILG |
| JATAMIAA | GOLDING |
| ALBERTO | GONJULEZ |
| GIL | GONZALEZ |
| DEBBIE ANN | GORDON |
| ERIC | GORDON |
| PATRICK | GORDON |
| TASHANA | GORDON |
| VIOLET | GORDON-HOLMES |
| MICHELLE | GUNTER |
| DANIELLE | GYLES |
| MARCUS | HALL |
| ROBERT | HALL |
| ROMEO | HALL |
| WAYNE | HALL |
| SHYRAN | HALLANDALE |
| MAURICE | HARDY |
| SHARLENE | HARTLEY |
| DAMONES | HAWES |
| DELROY | HENRY |
| GARFIELD | HENRY |

A-2

| | |
|---|---|
| KEVIN | HENRY |
| RADCLIFFE | HENRY |
| ROSE | HENRY |
| DARREL | HERBERT |
| ALEX | HEWITT |
| DONNA | HEWITT |
| NATASHA | HILL |
| CARLTON | HINDS |
| DEVON | HOLNESS |
| NADEEN | HOWEL |
| KIPLING | HOWELL |
| CLAUDINE | HUBBERT |
| MARIA | HUNT |
| SHAWN | HUTCHINSON |
| SHERVAN | HYLTON |
| IAN | JACOB |
| SHELDON | JOEHILL |
| MALIK | JONES |
| NETTLEFORD | JONES |
| SUZETTE | JONES |
| SHARON | KELLY |
| ROBERT | LAIDLAW |
| IAN | LAMB |
| SELVIN | LEICHMAN |
| LAMAR | LODGE |
| DENVA | MAHABEER |
| DWIGHT | MARSHALL |
| ANIESIA | MARTIN |
| MAUREEN | MARTIN |
| MONIQUE | MARTIN |
| JOVAUGHN | MATTHEWS |
| MELISSA | MAXWELL |
| CARMEN | MAYNE |
| KEVIN | MCALMON |
| ANDRE | MCDOWELL |
| KISHAWANA | MCGREGOR |
| TAMARA | MCKENZIE |
| STEPHEN | MCLEAN |
| ANTHONY | MCLAUGHLIN |
| ANDREW | MCPHERSON |
| SUZETTE | MCPHERSON |
| SUEWYN | MEGHOO-ELLIS |
| GARY | MESSAM |
| OMAR | MILLER |
| DERRICK | MITCHELL |
| KARLA | MORGAN |

| | |
|---|---|
| ALEX | MUIR |
| JULIET | MUNDY |
| OMAR | MUNDY |
| DENISE | MURRAY |
| TYRONE | MURRAY |
| ROHAN | NELSON |
| EDWARD | OWENS |
| ASHTON | PARKER |
| PAULET | PARKER |
| SAINEYA | PENNANT |
| NICOLE | PETERS |
| OMAR | PLUNKETT |
| ANN MARIE | PRAWL |
| STEPHEN | RAMSROOPE |
| AVA | REDWOOD |
| ANDRE | REID |
| HERMAN | REID |
| SASHA | REID |
| NICKEISHA | REID-HENRY |
| RAMONE | RHOOMS |
| ARTHUR | RICHARDS |
| EVERTON | RICKETTS |
| ONEIL | ROACH |
| SHERICE | ROWE |
| HAMSLEY | SAMPSON |
| BRADLEY | SAUNDERS |
| PETER | SCOTT |
| AUSTIN | SCULLY |
| MUSTAFA | SHABAZZ |
| GIANNI | SHAW |
| MICHAEL | SHIM |
| GRAMNI | SHORT |
| CAROLYN | SIMMS |
| VILMA | SIMPSON |
| MARVA | SKEEN |
| CLAUDIA | SMITH |
| JUMO | SMITH |
| RACQUEL | SMITH |
| RAMONE | SMITH |
| RICARDO | SMITH |
| FITZGERALD | SOLTAN |
| WENDY | SOUTH-VASSELL |
| ERROL | STERLING |
| ROHANDES | STEVENS |
| TAMESHA | STEWART |
| FRANCINE | SWEARING |

A-4

| | |
|---|---|
| NICKELLA | TAYLOR |
| TYRONE | TAYLOR |
| BYRON | THOMAS |
| AINSLEY | TYGHTER |
| LEOPOLD | VIDAL |
| GARY | WALKER |
| MILTON | WALKER |
| WAYNE | WALTER |
| DENZIL | WATSON |
| PATRICK | WATSON |
| RIGGON | WATT |
| ALEXIS | WAYDE |
| ANN MARIE | WILLIAMS |
| CRISTON | WILLIAMS |
| ONEIL | WILLIAMS |
| ROHAN | WILLIAMS |
| ROGER | WILLIAMS |
| SILVESTER | WILLIAMSON |
| ALBERT | WILSON |
| BRENDA | WILSON |
| RICARDO | WILSON |
| FELICIA | ZACKERY |