

# Law Office of David Wims

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

August 3, 2020

**BY ECF**

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Attn: Honorable Brian M. Cogan

**Re:**     *Scalia v. Silver's Crust et al* **(Case No. 19cv4719)(BMC)**

Dear Judge Cogan,

This office represents Defendants 660 Utica Corp. and TrudyAnne Brown in the above referenced proceeding. I write in response to Plaintiff's letter request for a pre-motion conference in this matter. The Court directed this correspondence by August 3, 2020 in its July 28, 2020 scheduling Order.

As Plaintiff's counsel indicated in its letter, discovery in this matter revealed that for many weeks in the statutory period, Defendants failed to both pay overtime when employees worked more than forty (40) hours per week, and keep the required records of all hours worked.

This is confirmed by both Defendants' time records (which are incomplete) and Defendant TrudyAnne Brown's Rule 30(b)(6) deposition testimony. Many of Defendant's payroll records are missing, or only show a punch in time for a particular date and employee. Further, Ms. Brown did testify at her deposition that many employees were paid flat, day rates with no premium paid after forty (40) hours in a week. This conclusion applies to all of the instant issues, including unpaid overtime wages, recordkeeping, individual liability and liquidated damages.

As a result of the above, Plaintiff is likely entitled to prevail on its contemplated summary judgment motion. Therefore, in the interest of preserving scarce judicial resources, I propose that

| Law Office of David Wims | 8/3/2020 |
|---|---|

with the Court's assistance, counsel for the parties can convince the appearing Defendants to consent to judgment on less than full monetary relief, in exchange for Defendants' concessions and a narrowly tailored injunction.  However, another option would be a trial on damages only.

As a result, I think a settlement conference might be particularly helpful at this juncture in the proceedings and allow the parties to avoid a protracted trial on damages alone.  It would also help Defendants avoid the burdensome costs of trial.  I do note that convincing Defendants to so agree would likely require substantial persuasion by the Court.

Thank You for Your attention to this matter.  Kindly direct any questions or concerns to the undersigned.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: Susan Jacobs, Esq. (By ECF)